08-1877-ag
Liu v. Holder

BIA
A095 462 721

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

QIU FANG LIU,
> *Petitioner,*

    **v.**                                      08-1877-ag
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:      Michael F. Hertz, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Channah M. Farber, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiu Fang Liu, a native and citizen of China, seeks review of the April 4, 2008, order of the BIA denying her motion to reopen. *In re Qiu Fang Liu*, No. A095 462 721 (B.I.A. Apr. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). The BIA did not abuse its discretion in denying Liu's timely motion to reopen. See *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005).

The BIA reasonably found that the evidence Liu submitted was insufficient to establish that she was *prima facie* eligible for relief based on her practice of Falun Gong. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To

2

establish her eligibility for relief as a Falun Gong practitioner, Liu submitted an affidavit from her mother, pictures of herself purportedly practicing Falun Gong, and a warning letter from the Erliu Village Committee. However, the BIA reasonably accorded little weight to this evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). For example, as the BIA observed, a letter from the Erliu Village Committee threatening "severe[]" punishment unless she "stop[s] all reactionary activities in the U.S." did not state the type of punishment she would face. The BIA also observed that the "only objective evidence" submitted in support of the Falun Gong claim was the State Department's 2007 Country Profile. The BIA reasonably determined that Liu's evidence was insufficient to establish *prima facie* eligibility for relief. *See Abudu*, 485 U.S. at 104-05; *see also Xiao Ji Chen*, 471 F.3d at 342.

With respect to her claim based on the birth of her U.S.-citizen children, Liu argues that she has a well-founded fear of future persecution because Chinese family planning officials are aware of her alleged violation of the Chinese family planning policy. Liu further argues that the BIA failed to provide individualized review of her case as

3

required by the BIA's decision in *Matter of J-W-S-*, 24 I & N Dec. 185 (BIA 2007) and this Court's decision in *Shao*.  The BIA did in fact perform an individualized review of her evidence.  Moreover, Liu fails to specify any error in the BIA's decision, or record evidence indicating that she would face a reasonable possibility of forced sterilization. *Shao*, 546 F.3d at 169 (finding that the BIA reasonably concluded that the family planning policy in Fujian province is not implemented through the use of forced sterilizations but through the use of economic rewards and penalties that do not necessarily amount to "physical or mental coercion").  As the BIA observed, the letter she received from the Erliu Village Committee "did not state what specific punishment [Liu] would face if she did not voluntarily submit to sterilization."  *See Shao*, 546 F.3d at 160 (finding that the BIA acted reasonably in determining that "unattributed 'reports' of forced sterilization that lack[] any specificity as to number or circumstance . . . d[o] not, by themselves, persuasively demonstrate a reasonable possibility that [an applicant] would face such future persecution").

Accordingly, the BIA did not abuse its discretion in denying Liu's motion to reopen.  *See Kaur*, 413 F.3d at 233.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk